**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**


BERUYAH SILAS, an individual,
and on behalf of a minor child,

    Plaintiffs,

vs.                                           Case No. 3:08-cv-854-J-25HTS

THE CITY OF JACKSONVILLE FLORIDA,
a political subdivision of the
State of Florida, et al.,

    Defendants.
_____

**O R D E R**[1]

This cause is before the Court on Defendants' City of Jacksonville and A.G. Gainey's [(Movants)] Unopposed Motion for Order to Disclose Confidential Records (Doc. #31; Unopposed Motion). The Unopposed Motion has been joined in by Defendant Florida Department of Children and Families (DCF), which also asks for in camera review and a protective order. *See* Defendant Florida Department of Children and Families Joins in the Unopposed Motion

---

[1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. Its purpose is to resolve issues presented by the parties unique to this case. It is not intended for publication or to serve as precedent.

for Order to Disclose Confidential Records and Request an In Camera Inspection Pursuant to Florida Statutes (Doc. #32; Request).[2]

Because Plaintiff Beruyah Silas seeks, inter alia, "to recover damages for injuries allegedly suffered by her minor son, K.F., while he was in the custody of DCF[,]" Unopposed Motion at 1, it is argued "any and all records and other information obtained, created or compiled by DCF and its agent, Family Support Services of North Florida, Inc., pertaining to K.F. while he was in DCF's care and custody are both discoverable . . . and needed" by Movants. *Id.* at 2. They seek "an order under relevant provisions of Florida law directing" four entities to disclose the material. *Id.* at 1. Still, they advise "[s]uch information is . . . confidential and may only be disclosed by DCF to persons authorized under Chapter 39, Florida Statutes, to receive such information 'except upon order of the court.'" *Id.* at 2 (quoting Section 39.0132(4)(a)(1), Florida Statutes). Although not arguing the information is irrelevant or undiscoverable, DCF suggests, based on Section 39.202(2)(f), Florida Statutes, "failure to conduct an in camera review of the records at issue to determine if good cause exists for disclosure would be an abuse of discretion." Request at 3.

---

[2] In filing its Request, DCF failed to comply with Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida. However, no opposition thereto has been filed and the time for doing so has passed.

Even assuming, as the parties believe, the cited state statutes apply to federal proceedings, the Unopposed Motion has not demonstrated the propriety of granting the relief sought. Movants cite no provision clearly authorizing an order compelling release of the records directly to them. Their alternative "request that the Court conduct an *in camera* review of the requested records and order disclosure of such information as is determined to be relevant to the issues raised in this action or reasonably calculated to lead to the discovery of admissible evidence[,]" Unopposed Motion at 3, is also unavailing. Section 39.202(2)(f), Florida Statutes, provides that confidential information is only to be released to "[a] court upon its finding that access to such records may be necessary for the determination of an issue before" it. Interpreting this language too broadly would "mean . . . that a litigant in a judicial proceeding . . . could gain access to department records by having the court engage in a general search of all of the department's records in a matter[.]" *Elders v. State of Florida*, 849 So.2d 331, 332 (Fla. Dist. Ct. App. 2003). Movants' proposal, which would require the Court to sift through potentially voluminous records with the general goal of identifying all information contained therein that may be relevant to this litigation, is therefore rejected.

In light of the foregoing, the Unopposed Motion (Doc. #31) and Request (Doc. #32) are **DENIED**. This ruling is made without prejudice to the future submission of a more narrowly tailored motion which, the Court assumes, would include proposed language for an agreed protective order.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of December, 2008.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any

- 4 -